Prepared by: KEVIN E. NAGLE

# NOTE

SEPTEMBER 25, 2006      BUXTON      MAINE
*Date*      *City*      *State*

257 BEECH PLAIN RD, BUXTON, ME 04093-6317
*Property Address*

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $52,000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is Countrywide Bank, N.A.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of 8.875 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $523.56 .
I will make my payments on the FIRST day of each month beginning on NOVEMBER 01, 2006 . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on OCTOBER 01, 2021 , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) **Late Charge For Overdue Payments**
If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not more than U.S. $10.00. I will pay this late charge only once on any late payment.

(B) **Default**
If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, I will be in default. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time.

(C) **Notice from Note Holder**
If I am in default for 10 days, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 20 days after the date on which I have signed mail receipt for the notice, or, if the notice is undeliverable to me, the date that the post office has last attempted to deliver it to me.

(D) **Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated SEPTEMBER 25, 2006 , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

MAINE - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3920
Amended 10/99

VMP -75(ME) (0207)    CHL (04/05)(d)    Page 1 of 2    VMP Mortgage Solutions, Inc. (800)521-7291


EXHIBIT B

LOAN #: 145462076

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

### 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

#### NOTICE TO CONSUMER

1. Do not sign this agreement before you read it.
2. You are entitled to a copy of this agreement.
3. You may prepay the unpaid balance at any time without penalty, except for minimum charges as permitted by law.

Old Republic Insurance Company

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE BANK, N.A.

By: *Laurie Meder*
LAURIE MEDER
SENIOR VICE PRESIDENT

_____ (Seal)
CLIFFORD L. SPERREY            -Borrower

_____ (Seal)
AMANDA E. SPERREY              -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

*(Sign Original Only)*

-75(ME) (0207)   CHL (04/05)   Page 2 of 2   Form 3920

## ALLONGE ENDORSING MORTGAGE NOTE

This Allonge (the "Allonge") is being executed and delivered by
**Old Republic Insurance Company ("Beneficiary")**
as of October 10, 2018 to endorse the Note made by

**Clifford L. Sperrey and Amanda E. Sperrey**

and dated as of **September 25, 2006,** and payable to Beneficiary, to which this Allonge is attached and made a part (together with all extensions, renewals, replacements and amendments thereto,) to the Note.

The Note relates to the following loan information:

**Property Address:**   257 Beech Plain Rd., Buxton, ME  04093-6317
**Amount of Note:**     $52,000.00

NOW THEREFORE, FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:

**Interstate Intrinsic Value Fund A, LLC.**
**3835-R E. Thousand Oaks Blvd., Suite 413**
**Westlake Village, CA 91362**

All beneficial interest under the within Note, without recourse and Mortgage securing same.

_____

By: Old Republic Insurance Company
Carl H. Brauer, Authorized Representative